# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary, United States Department of Labor, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:21-CV-867 |
| v. | § § § | Judge Mazzant |
| ROBERT PETERSON, VASILIA PETERSON, PAUL GENERALE, NEIL BROZEN, NICOLE PETERSON, 2012 IRREVOCABLE TRUST, BROOKE PETERSON 2012 IRREVOCABLE TRUST, RVNB HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | § § § § § § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Texas (Dkt. #9). Having reviewed the motion, response, and relevant pleadings, the Court finds the motion should be **GRANTED.**

### BACKGROUND

On September 27, 2019, Jason Coleman and Jessica Casey—two participants of the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan")—filed a putative class action (the "*Coleman* action") in the undersigned Court under the Employee Retirement Income Security Act of 1974 ("ERISA"). The lawsuit was brought on behalf of the Plan and its vested participants as of June 29, 2017, "against various alleged Plan fiduciaries and one non-fiduciary for alleged violations of ERISA." *See Coleman v. Brozen*, No. 4:19-CV-705, 2020 WL 220220, *1 (E.D. Tex. May 6, 2020). Some of the defendant fiduciaries named in the *Coleman* action, among others, are

Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, the Nicole Peterson 2012 Irrevocable Trust, and the Brooke Peterson 2012 Irrevocable Trust.

The *Coleman* action specifically alleges that the defendants violated ERISA by engaging in various prohibited transactions and fiduciary breaches arising from a 2017 redemption plan for RVNB Holdings, Inc. ("RVNB") stock held by the Plan. According to the *Coleman* plaintiffs, the Plan and its participants, who were vested in shares of RVNB, suffered losses when the defendants terminated the Plan and caused the Plan to sell its shares of RVNB for far less than fair market value. On May 27, 2020, this Court transferred the *Coleman* action to the Northern District of Texas pursuant to the Plan's forum selection clause. *See Coleman*, 2020 WL 220220, at *1.[1]

On October 29, 2021, over two years after the *Coleman* action was filed, Plaintiff Martin J. Walsh, in his official capacity as Secretary of the United States Department of Labor ("DOL"), filed the present action (the "*Walsh* action"). The *Walsh* action names many of the same defendants as those named in the *Coleman* action, including: Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, the Brooke Peterson 2012 Irrevocable Trust, and the Nicole Peterson 2012 Irrevocable Trust. Plaintiff sued to redress violations of ERISA regarding the same 2017 stock redemption plan made the basis of the *Coleman* action. Specifically, Plaintiff alleges that Defendants breached their fiduciary duties by engineering a scheme to sell and repurchase RVNB shares for far less than their fair market value, which resulted in the Plan and its participants to suffer millions of dollars in losses.

On February 11, 2022, plaintiffs in the *Coleman* action filed a motion to transfer the *Coleman* action back to this Court (Dkt. #102, Case No. 3:20-CV-01358). The Northern District of Texas has yet to rule on the motion to transfer as the *Coleman* action is currently stayed pending

---

[1] After the *Coleman* action was transferred to the Northern District of Texas, it was re-docketed as Case No. 3:20-CV-1358, which the Court will use herein to reference any post-transfer filings made in the *Coleman* action.

2

the court's ruling on the defendants' motion to compel arbitration. On February 14, 2022, Defendants filed the present motion, requesting that the *Walsh* action be transferred to the Northern District of Texas pursuant to the first-to-file rule, or, alternatively, under 28 U.S.C. § 1404(a) (Dkt. #9). Plaintiff filed a response in opposition on February 28, 2022 (Dkt. #15), and Defendants filed a reply on March 7, 2022 (Dkt. #22).

## LEGAL STANDARD

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). This rule exists to support "comity and sound judicial administration" among the federal courts. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *see Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 599 (E.D. Tex. 2019) ("The first-to-file rule is a venue and efficiency consideration, not an adjudication on the merits or a question of jurisdiction."). "The rule's ultimate aim is to avoid three potential, undesirable outcomes: (1) 'the waste of duplication,' (2) 'rulings which may trench upon the authority of sister courts,' and (3) 'piecemeal resolution of issues that call for a uniform result.'" *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *5 (E.D. Tex. Oct. 21, 2020) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985)). "'When related cases are pending before two federal courts,' the first-to-file rule generally allows 'the court in which the case was last filed to refuse to hear it if the issues raised by the cases substantially overlap.'" *Id*. (brackets omitted) (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011)).

To determine if substantial overlap exists, courts in the Fifth Circuit examine "whether 'the

core issue was the same' or if 'much of the proof adduced would likely be identical.'" *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (footnote and ellipses omitted) (first quoting *W. Gulf Mar. Ass'n*, 751 F.2d at 730; then quoting *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). Though the cases need not be identical for the first-to-file rule to apply, *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (per curiam), they "must be 'more than merely related.'" *Brocq v. Lane*, No. 3:16-CV-2832, 2017 WL 1281129, at *2 (N.D. Tex. Apr. 6, 2017) (quoting *Buckalew v. Celanese, Ltd.*, No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005)). If overlap between the cases is less than complete, courts have looked to additional factors, such as "the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd.*, 121 F.3d at 951 (internal quotation marks omitted) (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). If substantial overlap exists, "the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Wells Fargo Bank, N.A. v. W. Coast Life Ins.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009) (citing *Cadle*, 174 F.3d at 606); *see also Tex. Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co., Inc.*, 380 F. Supp. 3d 580, 588 n.6 (E.D. Tex. 2019) (affirming that district courts should not act as "super appellate court[s]" when applying the first-to-file rule).

But a finding of substantial overlap does not end the inquiry. *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *6. Mechanical application of the first-to-file rule is not required on every occasion and may very well be inappropriate in specific instances. *See, e.g.*, *Hunt-Collin Elec. Co-op, Inc. v. Rayburn Country Elec. Co-op, Inc.*, No. S-87-211, 1988 WL 428654, at *2 (E.D. Tex. Feb. 5, 1988) ("Blindly applying the first-to-file rule only on the basis of the actual

filing dates . . . would not further the goals of the rule." (cleaned up)). Only "[i]n the *absence* of compelling circumstances" should it be employed. *Mann Mfg., Inc.*, 439 F.2d at 407 (emphasis added). While the Fifth Circuit has provided limited "guidance or examples as to what sort of circumstances it would consider 'compelling,'" *Twin City Ins. Co. v. Key Energy Servs., Inc.*, No. H-09-0352, 2009 WL 1544255, at *4 (S.D. Tex. June 2, 2009), rigidly applying the first-to-file rule when compelling circumstances present themselves leads to the abandonment of the "comity principles that underlie the . . . rule" itself. *W. Gulf Mar. Ass'n*, 751 F.2d at 730; *see also, e.g.*, *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 n.8 (5th Cir. 1985).

## ANALYSIS

Defendants request the Court transfer this case to the Dallas Division of the Northern District of Texas because a substantially similar case, the *Coleman* action—filed over two years prior—is currently being adjudicated in that court. Defendants alternatively request transfer under 28 U.S.C. § 1404(a). Plaintiff opposes transfer under either rule. For the reasons discussed below, the Court finds transfer appropriate in this case under the first-to-file rule.

Under the first-to-file rule, a court may, in its discretion, transfer an action if another federal court is adjudicating a case that was first-filed and if "issues raised by the cases substantially overlap." *Cadle Co.*, 174 F.3d at 603. Plaintiff argues that the Court should decline to apply the first-to-file rule, asserting that "[t]hough the same 2017 ESOP transaction spurred both lawsuits, the lawsuits are distinct: the [*Coleman* action] has some but not all of the same defendants, different plaintiffs, and some discrete issues that are not present in the instant case" (Dkt. #15 at p. 2). The first-to-file rule, however, "does not, [ ] require that cases be identical." *Save Power Ltd.*, 121 F.3d at 950. Rather, regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and if the cases "overlap on the substantive

issues, the cases [are] required to be consolidated in . . . the jurisdiction first seized of the issues." *Id.*; *see also Dxp Enters., Inc. v. Hill*, No. 4:15-CV-3471, 2016 WL 4159756, at *2 (S.D. Tex. Aug. 3, 2016) ("Substantial overlap is not complete overlap; complete identity of parties and issues need not be shown to invoke the first-to-file rule."). In determining substantial overlap, courts in the Fifth Circuit examine factors such as whether the core issues are the same, whether much of the evidence produced will be the same, the extent of the overlap, the likelihood of conflict between different judgments, and the advantage and interest in each forum's resolving the case. *See Truinject Corp. v. Nestlé S.A.*, No. 4:20-CV-457, 2020 WL 6781578, at *2 (E.D. Tex. Nov. 18, 2020) (citing *Save Power Ltd.*, 121 F.3d at 951).

The Court finds that Defendants have made an adequate showing of substantial overlap to support an application of the first-to-file rule. Plaintiff is correct that there are some differences in the parties—the Plaintiff here is Martin J. Walsh, suing in his official capacity as Secretary of the DOL, while the plaintiffs in the *Coleman* action are Jason Coleman and Jessica Casey, individuals. Additionally, the *Walsh* action names one defendant not named in the *Coleman* action, and the *Coleman* action names three defendants not named here. But the differences stop there. In truth, despite some differences in parties, the *Coleman* action and the *Walsh* action were brought against almost identical individuals and entities. *Compare* (Dkt. #33, Case No. 3:20-CV-01358), *with* (Dkt. #1, Case No. 4:21-CV-867). Both cases center around the same operative facts and seek similar forms of recovery on behalf of the Plan and Plan participants. *Id.* And the causes of action alleged in the *Coleman* action square almost exactly with the causes of action alleged here. *Id.* Thus, substantial overlap exists between these lawsuits.

Moreover, Plaintiff has not identified any "compelling circumstances" that would warrant an exception to the rule's application. District courts in the Fifth Circuit "have specifically

6

identified two situations in which compelling circumstances prevent the application of the first-to-file rule"—the "bad faith" exception and the "anticipatory-filing" exception. *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *7. Neither of those situations are present here, nor does Plaintiff argue as much. This case does not involve "a party engag[ing] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he c[an] file a preemptive lawsuit." *Chapa v. Mitchell*, No. A-05-CV-769, 2005 WL 2978396, at *2 (W.D. Tex. Nov. 4, 2005) (citing *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967)). Nor does this case involve "a party fil[ing] a declaratory judgment action in anticipation of suit by its adversary, which can create an opportunity for forum-shopping." *True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, No. H-15-3287, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016). The Court recognizes that the first-to-file rule is "not a 'rigid or inflexible rule to be mechanically applied'" and should be employed "with a view to the dictates of sound judicial administration." *Buffalo Wild Wings, Inc. v. BWR McAllen, Inc.*, No. H-10-1265, 2010 WL 2640122, at *2 (S.D. Tex. June 30, 2010) (citations and internal marks omitted). Yet, Plaintiff "does not attempt to articulate a single circumstance with any semblance of specificity that would lead the Court to set aside the first-to-file rule." *Truinject Corp.*, 2020 WL 6781578, at *2.

Plaintiff does argue that because the first-filed action is stayed pending ruling on the *Coleman* defendants' motion to compel arbitration, judicial efficiency weighs against transfer. Plaintiff asserts that "rather than facilitate judicial administration, the adjudication of this case could be slowed, or entirely stalled, were it to be transferred to the Northern District of Texas to be consolidated with the private lawsuit" (Dkt. #15 at p. 3). Even assuming *in arguendo* this constitutes a "compelling circumstance," the Court is not persuaded by Plaintiff's argument. Contrary to Plaintiff's allegations, transfer under the first-to-file rule is not inappropriate simply

because the first-filed action is stayed pending arbitration. *See, e.g.*, *Jefferson v. Mae*, No. 3:14-CV-917, 2014 WL 12639946 (N.D. Tex. Sept. 4, 2014) (transferring under the first-to-file rule where first-filed case was stayed pending arbitration). Moreover, it is the Northern District of Texas, not this Court, that is in the best position to decide whether or not the *Walsh* action should proceed if the *Coleman* action is compelled to arbitration. *See Save Power Ltd.*, 121 F.3d at 948 ("[T]he court in which an action is first-filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."); *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) ("[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."). To be sure, the Fifth Circuit stated in *Mann Manufacturing Inc. v. Hortex Inc.*, that:

> [O]nce the likelihood of substantial overlap [of issues] between the two suits had been demonstrated, it was no longer up to the [second-filed] court in Texas to resolve the question of whether both should proceed.

439 F.2d at 408. There is no doubt that substantial overlap exists between the *Coleman* action and the *Walsh* action, and thus the court best-suited to resolve both cases is that of the first-filed case—the Northern District of Texas.

Lastly, because the Northern District of Texas has not yet ruled on the motion to compel arbitration, transferring the *Walsh* action at this juncture would promote judicial efficiency, not inhibit it as Plaintiff suggests. In other words, because the substantive merits of the *Coleman* action have yet to be resolved, the opportunity still exists for the *Walsh* action and the *Coleman* action to be adjudicated concurrently. Thus, transferring the *Walsh* action at this time avoids the significant burden that would arise if two parallel actions were to proceed on separate paths, requiring

duplicative efforts, resulting in piecemeal litigation, and leaving potential for inconsistent resolutions.[2] Avoidance of such burdens is the fundamental purpose of the first-to-file rule. *See W. Gulf Mar. Ass'n*, 751 F.2d at 728 (recognizing the purpose of the first-to-file rule is to prevent inconsistent rulings, duplicative litigation, and piecemeal resolution of disputes). Therefore, the Court finds the first-to-file rule applies to the instant action, and no compelling circumstances exist to find otherwise. Accordingly, transfer of the *Walsh* action to the Northern District of Texas is appropriate under the circumstances.

As a final note, the parties both offer argument on transfer under 28 U.S.C. § 1404(a). The Court does not reach the merits of these arguments. In the first-to-file context, "federal district courts in Texas are divided as to the application of the § 1404 factors." *Truinject Corp.*, 2020 WL 6781578, at *3 (citing *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *7 n.8). However, this Court has previously considered the issue and found that it is "generally unnecessary to apply the § 1404 convenience factors in the context of the first-to-file analysis." *Id.* (transferring case under the first-to-file rule and declining to apply the § 1404 factors after finding substantial overlap existed). The Court sees no reason to reconsider the issue here. Accordingly, having found that substantial overlap exists between the *Coleman* action and the *Walsh* action sufficient to support transfer under the first-to-file rule, the Court does not reach whether transfer would also be appropriate under § 1404(a).

## CONCLUSION

It is, therefore, **ORDERED** that Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Texas (Dkt. #9) is **GRANTED.**

---

[2] Similarly, because the *Coleman* action is stayed, there is no present risk of inconsistent rulings that would result from the Court's ruling here on Defendant's motion to transfer, with a ruling by the Northern District on the *Coleman* plaintiffs' motion to transfer.

It is further **ORDERED** that this case is hereby **TRANSFERRED** to the Dallas Division of the Northern District of Texas.

**IT IS SO ORDERED.**

**SIGNED this 3rd day of August, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE